[Filed December 16, 1890.]

## STATE OF OREGON *v.* ED. WHEELER.

FORGERY—FICTITIOUS NAME.—The execution of a promissory note in the name of a fictitious person or under an assumed name with intent to defraud, is forgery.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Affirmed.

*Lydell Baker*, for Appellant.

A fictitious signature must purport to be the signature of some other person than the one writing it, to constitute

forgery. (*State* v. *Young*, 46 N. H. 267, 88 Am. Dec. 212; *Com.* v. *Foster*, 114 Mass. 319, 19 Am. Rep. 353; *Com.* v. *Costello*, 120 Mass. 370.)

What is the test of forgery in cases where documents have been falsely signed? It is: Did the signature deceive? (*Com.* v. *Baldwin*, 11 Gray, 199.)

It must appear that the fictitious name was assumed for the particular purpose of fraud. (8 Eng. and Am. Ency. Law, pp. 470, 471; *Queen* v. *Martin*, 49 L. R. C. C. R. 214.)

*T. A. Stevens*, dist. att'y, and *W. T. Hume*, for Respondent.

The signing of a fictitious name to an instrument with fraudulent intent constitutes forgery. (8 Am. and Eng. Ency. Law, p. 457, *et seq.;* 1 Bish. Crim. Law, § 572, and note; 2 Bish. Crim. Law, § 583, and cases cited, and § 603; *People* v. *Brown*, 72 N. Y. 571, 28 Am. Rep. 183; *State* v. *Hahn*, 38 La. Ann. 169; *Com.* v. *Baldwin*, 11 Gray, 197; *Luttrell* v. *State*, 85 Tenn. 232, 4 Am. St. Rep. 760.)

The false making must be accompanied with an intent to defraud, but no injury or defrauding need, in fact, have been committed in order to complete the crime. (2 Bish. Crim. Law, § 598 and cases cited; *State* v. *Lurch*, 12 Or. 99.)

It makes no difference that the assumed name and the real name of the party were alike unknown to the person on whom the instrument was passed, and who would have trusted the prisoner just as readily by the one as the other, it appearing that the fictitious name was assumed for the purpose of fraud. (8 Am. and Eng. Ency. of Law, p. 470.)

The intent to defraud may be inferred from the circumstances, and the law will infer a fraudulent intent from the very act of forgery, and the passing or attempt to pass the false instrument as genuine. (2 Bish. Crim. Law, § 598; *Padgett* v. *State*, 103 Ind. 550.)

BEAN, J.—The defendant was indicted, tried and convicted of the crime of forgery, from which judgment he appeals. The indictment charges that on June 23, 1890, the defendant made, and forged a promissory note for

XX OR.—13.

$85.50, payable to John P. Fidock, or order, due thirty days after date, by then and there signing the name of John Williams to said note, with an intent to defraud and injure J. T. Milner.

At the trial in the court below, after the evidence for the state was closed, defendant's counsel moved the court that the jury be instructed to render a verdict of not guilty upon the ground that the evidence failed to prove the crime charged. The refusal of the court to give this instruction is the only error claimed on this appeal. An examination of this question renders it necessary to briefly state the evidence as given on the trial, which was as follows: On June 28, 1890, the defendant called at the office of J. T. Milner, in Mulkey's block in the city of Portland, and represented to Mr. Milner that his name was John Williams, and applied for a loan of $85.50, offering to secure the same by a chattel mortgage on a team of horses. He drove the team up in front of the office and Mr. Milner looked at them and agreed to make the loan. The note was drawn up by Milner and the defendant signed the name of John Williams thereto, and Milner paid him the money. When the note became due, the defendant did not call to pay it and Milner wrote two letters to John Williams calling on him to pay the note, one of which he directed to Albina. A Mr. John Williams, of Albina, responded to the letter sent him, but denied ever signing the note. That no part of the note has been paid, nor has defendant ever called at Milner's office, where the note was to be paid; that defendant was a stranger to Milner, and he supposed his true name was John Williams, and would not have made the loan had he known otherwise; that defendant's true name is Ed. Wheeler, as stated in the indictment, and not John Williams. The inquiry here is whether under this state of facts the defendant was properly convicted of the crime of forgery. Forgery is defined by Blackstone to be "the fraudulent making or alteration of a writing to the prejudice of another's rights." (4 Bl. Com. 247.) WILLES, J., in *Regina* v. *Epps*, 4 F. & F. 81, says:

"Forgery consists in drawing an instrument in such a manner as to represent fraudulently that it is a true and genuine document really in existence as it appears on the face of it, when in fact there is no such genuine document really in existence as it appears on the face of it to be." In *State* v. *Wooderd,* 20 Iowa, 541, DILLON, J., says: "The making or alteration of any writing with a fraudulent intent, whereby another may be prejudiced, is forgery." Mr. Bishop, says: "Forgery is the false making, or materially altering with intent to defraud of any writing, which if genuine might apparently be of legal efficacy, or the foundation of a legal liability." (2 Bishop Crim. Law, § 523.) Section 1808, Hill's Code, provides that, "if any person shall with intent to injure or defraud any one, falsely make, alter, forge or counterfeit, * * * any bill of exchange, promissory note or evidence of debt, * * * shall be punished by imprisonment in the penitentiary not less than two nor more than twenty years." From the definitions of forgery, as above stated, as well as from the statute, it will be seen that the essential elements of the crime are: (1) a false making of some instrument in writing; (2) a fraudulent intent; (3) an instrument apparently capable of effecting a fraud. That the first and third ingredients above stated, appear in this case, cannot be doubted. The note executed by defendant under the name of John Williams is certainly a false note. It is not what it purports on its face to be—is false, not genuine, fictitious, not a true writing. The falsity of the note consists in its purporting to be the note of some party other than the one actually making the signature. It purports to be the note of one John Williams, while the signature was made by the defendant, and although the defendant represented that his name was John Williams, if he assumed that name for the purpose of defrauding, and under such a name executed the promissory note in this case, with an intent to defraud Milner, such an act would constitute forgery. (2 Bishop, § 583.) The law is well settled that the signing of a fictitious name to an instrument with

a fraudulent intent constitutes forgery. (8 Am. & Eng. Ency. Law, 457, and note; *People* v. *Brown,* 72 N. Y. 571, 28 Am. Rep. 183; *State* v. *Hahn,* 38 La. Ann. 169; *Luttrell* v. *State,* 85 Tenn. 232, 4 Am. St. Rep. 760; 2 Wharton, § 1424; 2 Russell on Crimes, 733.) As was said in *Commonwealth* v. *Costello,* 120 Mass. 370: "The essential element of forgery consists in the intent, when making the signature, or procuring it to be made, to pass it off fraudulently as the signature of another party than the one who actually makes it." If this intent thus to personate another exists, the instrument is still a forgery, even if the name affixed is actually the same name with that borne by the party who signs it. So there may be forgery by the use of a fictitious name as well as by the use of a person's own name, if the intent exists to commit a fraud by deception as to the identity of the person who uses the name.

In Sheppard's case, 1 Leach, 226, the prisoner purchased some silverware of the prosecutor, giving in payment therefor a draft which he indorsed with the name "H. Turner, Esq.," his true name being Sheppard. The prosecutor testified that he gave credit to the prisoner and not to the draft, the prisoner being a stranger to him. The jury found the prisoner guilty, and on a case reserved on the question whether, as the prosecutor had sworn that he gave credit to the prisoner and not to the draft, it could amount to the crime of forgery, the twelve judges were unanimously of the opinion that the conviction was right; for it was a false *instrument,* not drawn by any such person as it purported to be; and the using of the fictitious name was only for the purpose of deceiving. So in Whiley's case, stated by Mr. Russell in his work on Crimes, the prisoner was charged with forging a bill of exchange, drawn in the name of Samuel Milward, in payment for some goods by him purchased of the prosecutor. The prisoner's real name was Samuel Whiley and was a stranger to the prosecutor, who testified that he took the draft on the credit of the prisoner, whom he did not know; that he presumed the prisoner's name was that which he had written, and had no reason to

suspect the contrary; but that if the prisoner had come to him under the name of Samuel Whiley, he should have given him equal credit for the goods, and have taken the draft from him and paid him the balance as he had done when he came under the name of Milward. It was left to the jury to say whether the prisoner had assumed the name Milward in the purchase of the goods and giving the draft with intent to defraud the prosecutor. And the jury saying they were so satisfied, found the prisoner guilty; and upon a case reserved the judges were of the opinion that the question of fraud being so left to the jury, and found by them, the conviction was right. So where the person accepting the instrument knew the prisoner only by his assumed name, it appearing that it was assumed for the purpose of fraud. (*Rex* v. *Francis*, Russ. & Ry. 209.) So where the prisoner was unknown to the person on whom the instrument was passed, who had never heard of the name assumed, and would have trusted the prisoner just as readily by his real name. (*Rex* v. *Marshall*, Russ. & Ry. 75.) The authorities agree that forging in a false name, assumed for the purpose of concealment and with an intent to defraud, in the particular instance of the forgery, is sufficient to constitute the offense. But when a party signs a name not his own, but one which he has adopted, using it without the intent to deceive as to the identity of the person signing, it is not a forgery. (*Rex* v. *Bontein*, Russ. & Ry. 260; *Rex* v. *Peacock*, Russ. & Ry. 278.) The question of intent is material in determining the guilt of the party charged and the falsity of the instrument. It is the false making with an intent to defraud at which our statute is aimed. The term falsely, as applied to making a promissory note in order to constitute forgery, has reference not to the contract or tenor of the instrument, or the fact stated in the writing, because a note or writing containing a true statement may be forged or counterfeited as well as any other; but it implies that the writing is false, not genuine, fictitious, not a true writing, without regard to the truth or falsehood of the statement it

contains. The note must in itself be false, not genuine, a counterfeit, and not the true instrument which it purports to be. (*State* v. *Young*, 46 N. H. 266, 88 Am. Dec. 212.) A person may falsely make a note yet the note be true in point of fact, or he may make a note which is false in fact. It is the former,— the falsely making of the note,— with the intent to defraud, which is the essential ingredient of the crime here charged. The falsely making of a note in the name of a person, as already shown, is forgery; so is the falsely making of a note under an assumed name. The defendant in this case made the note and signed a fictitious or an assumed name. He therefore falsely made it, although the fact stated in the note may be true. But the false making, when it was passed to Milner as genuine, indicated an intent to defraud and brought the offense within the statute. This must logically be so, unless there is something in the facts and circumstances which contradict the intent to injure or defraud. In the case of *Queen* v. *Martin*, 29 Eng. Rep. 154, relied on by defendant, the facts show that the prisoner, in drawing the check, did not do so in the name of or as representing any other person, real or fictitious. The check was drawn and uttered as his own, and it was so received by the prosecutor, to whom the prisoner was perfectly well known as an acquaintance of twenty years' standing and by whom he was seen to sign it. Here, while the prisoner falsely made the check, the circumstances show that it was not falsely made to defraud. The prosecutor relied upon and gave the credit to the prisoner, whom he well knew. But when the defendant is an entire stranger to the party to whom the note is passed, as in the case at bar, the credit is the note, for where is there any other element of credit which the party could be supposed to rely upon? Mr. Milner, in dealing with this defendant and making the loan to him, relied upon the genuineness of the note as one step in the transaction, and a fair and legal inference from all the testimony is that defendant made the note with an intent to defraud, and thereby committed the crime of forgery.

It follows, therefore, that the judgment of the court below must be affirmed.