## HARRIS v. STATE. (1 Div. 542.)

(Court of Appeals of Alabama. Dec. 4, 1923.)

1. Criminal law ⚙═══273—Plea of guilty admits truth of only what is sufficiently charged.

A plea of guilty, when accepted and entered by the court, is a conviction authorizing imposition of sentence, as on a verdict, but is only an admission of record of the truth of what-

ever is sufficiently charged in the indictment and does not prevent defendant from taking advantage of defects apparent of record.

**2. Criminal law ⬤⇒1026—Plea of guilty not release of errors in criminal case.**

Code 1907, § 2892, declaring a confession of judgment a release of errors does not apply in criminal cases.

**3. Indictment and information ⬤⇒173—One indicted under different names connected by word "alias" may be identified by any of them.**

One indicted under various names connected by the word "alias," which is an abbreviation of the words "alias dictus," meaning "otherwise called," may be identified by any of them (citing Words & Phrases, First and Second Series, "Alias").

**4. Forgery ⬤⇒5—Intent to commit fraud by deception as to identity of person using name signed essential.**

Whether forgery was committed in signing a check depends on whether the signer intended to commit a fraud by deception as to the identity of the person using the name signed.

**5. Forgery ⬤⇒8—Signing fictitious name with fraudulent intent constitutes "forgery."**

The signing of a fictitious name to an instrument with fraudulent intent constitutes forgery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forgery.]

**6. Forgery ⬤⇒47—Charge of signing fictitious name presents question of fact as to fraud in identity of person.**

A charge of signing a fictitious name to an instrument with fraudulent intent presents a question of fact as to fraud in identity of the person.

**7. Forgery ⬤⇒8—Signature of assumed name by which signer is known not forgery.**

One signing a check by an assumed name, by which he is known and called, does not sign the name of a fictitious person, and hence is not guilty of forgery.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Mart Harris was convicted of forgery, and appeals. Reversed and remanded.

Geo. B. Cleveland, Jr., of Mobile, for appellant.

The offense does not constitute forgery, but merely obtaining money under false pretense.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record, and the judgment should be affirmed.

SAMFORD, J. The indictment was as follows:

"The grand jury of said county charge that before the finding of this indictment Mart Harris, alias Morris F. Mosse, alias George T. Harn, alias George Hart, with intent to injure or defraud, did alter, forge, or counterfeit a certain check which was in substance as follows:

"Mobile, Ala., March 21, 1923. No. 340.

"The First National Bank. 61–26.

"Pay to the order of Gayfers Dept. Store $9.96, nine $^{96}/_{100}$ dollars.

"Morris F. Mosse.

"1503 Springhill Ave.

or, with intent to injure or defraud, did utter and publish as true the said falsely altered, forged, or counterfeited check, knowing the same to be so altered, forged, or counterfeited, against the peace and dignity of the state of Alabama."

To this indictment the defendant interposed a plea of guilty.

[1, 2] The plea of guilty, when accepted and entered by the court is a conviction of the highest order, authorizing the imposition of sentence fixed by law the same as on the verdict of a jury, after trial on a charge sufficiently charged in the indictment. The plea, however, is only an admission of record of the truth of whatever is sufficiently charged in the indictment, and does not prevent the defendant from taking advantage of error of defects apparent, of record. The statute, Code 1907, § 2892, which provides that a confession of judgment is in law a release of errors, does not apply in a criminal case. Burke v. State, 74 Ala. 399; State v. Kelley, 206 Mo. 685, 105 S. W. 606, 12 Ann. Cas. 681; Grossman v. Oakland, 30 Or. 478, 41 Pac. 5, 36 L. R. A. 593, 60 Am. St. Rep. 832. We may, therefore, on the record before us, pass to a consideration of the question as to whether or not the indictment as drawn will support a conviction and sentence for forgery, even conceding that the defendant admitted by his plea the commission of the act charged.

[3] The defendant is indicted under the names Mart Harris, Morris F. Mosse, George T. Harn, George Hart. True, the word alias is used to connect these names. The word "alias" is an abbreviation of the words "alias dictus," meaning "otherwise called." So that, according to the allegations of the state in the indictment, by all of these names he is known or called, and by either of them he could be identified. 1 Words and Phrases, 297.

[4] It further appears from the indictment, by a copy of the check alleged to have been forged, he signed one of the names by which he was known and called. That is to say, he signed the check with his own name. It was said in Commonwealth v. Costello, 120 Mass. 370:

"The essential element of forgery consists in the intent, when making the signature or procuring it to be made, to pass it off fraud-

ulently as the signature of another party than the one who actually makes it."

The real test seems to be: Did the party signing the check intend to commit a fraud by deception as to the identity of the person who uses the name? Rex v. Bantein, Rus. & R. 260; Rex v. Peacock, Id. 278; State v. Wheeler, 20 Or. 192, 25 Pac. 394, 10 L. R. A. 779, 23 Am. St. Rep. 119.

[5-7] The law is well settled that the signing of a fictitious name to an instrument with fraudulent intent constitutes forgery. 8 Am. & Eng. Enc. of Law, 457; Williams v. State, 126 Ala. 50, 28 South. 632. And, if such had been the charge here, it would then have become a question of fact as to fraud in identity of the person, as was the case in Wheeler v. State, 20 Or. 192, 25 Pac. 394, 10 L. R. A. 779, 23 Am. St. Rep. 119; Rex v. Sheppard, 1 Leach C. C. 226; Rex v. Whiley, 2 Leach C. C. 983; Commonwealth v. Costello, 120 Mass. 358. But in this case the defendant by signing one of the names by which he was known and called did not sign the name of a fictitious person, but his own. "It is not forgery when the offense is not the assumption of the name of a supposed third person, but the adoption of an alias by the party charged." Whar. Crim. Law, 1092. All of the foregoing cases recognize the distinction between an instrument signed in an assumed name and passed by the person signing it as his own act and an instrument signed in a fictitious name and passed by the party signing it fraudulently concealing his identity as being the signer.

The indictment in this case recognizes, as one of the names of the defendant, the name he signed to the check as being one of his names, and the testimony of Miss Owen, a witness for the state, is to the effect that, when he gave the check set out in the indictment, he told witness his name was Morris F. Mosse, that he wrote the check and signed it in her presence, and there is no evidence to the contrary. This case is on all fours with the decision in Reg. v. Martin, 5 Q. B. D. 34, and in line with the holding in Commonwealth v. Baldwin, 11 Gray (Mass.) 197, 71 Am. Dec. 703.

The indictment fails to charge an offense sufficient to support a verdict of guilt, and therefore the judgment is reversed and the cause is remanded.

Reversed and remanded.