31 So.2d 590

### WILLIAMS v. STATE.

4 Div. 2.

Court of Appeals of Alabama.

April 8, 1947.

Rehearing Denied April 22, 1947.

120

J. Hubert Farmer, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for, and by a jury found guilty of forgery in the second degree. The court imposed a sentence of imprisonment in the state penitentiary for a term of three years.

The evidence introduced by the state tends to show that appellant's full name is John Wesley Williams. On 3 April 1946 he went to the C. E. Pitts Motor Company in Dothan seeking to purchase an automobile. He told Mr. Anderson, an employee of the motor company, that he owned a six horse farm east of Ashford, equipped with livestock and farming implements, and that he had a substantial bank account. He further told Mr. Anderson that he needed a car to go between Dothan, where he stayed part of his time, and his farm. Thereupon the sale of a car to him was completed and appellant gave a check in payment therefor. This check was drawn on the First National Bank of Ashford, in the amount of $390, and appellant signed the name "John Williams" thereto. The appellant had no account in the First National Bank of Ashford, and did not own any farm. The father of the appellant was named John Williams, and did have an account in the said bank, though he had never authorized appellant to sign his name to the check in question.

Evidence introduced by the defense tended to show that while this appellant's full name was John Wesley Williams, he also at times dropped the middle name. His driver's license was made out in the name of "John Williams, Jr.," as was his social security card. Mr. Clark, of the firm of Clark and Danzey, testified that his firm in Dothan had employed appellant off and on for several years, and that appellant was known to them and carried on the firm's books as "John Williams."

■ This appellant was well within his legal right to sign his name as John Williams, and omit from his signature his middle name. The insertion or omission of a middle name in a signature is immaterial. Edmundson v. State, 17 Ala. 179, 52 Am.Dec. 169; Pace v. State, 69 Ala. 231, 44 Am.Rep. 513; Fannin v. State, 20 Ala.App. 122, 101 So. 95. Likewise the suffix Junior, or Jr., is no part of a person's legal name, but a mere descriptive suffix. Teague v. State, 144 Ala. 42, 40 So. 312.

■■ While it is true that one may be guilty of forgery if he signs an instrument and passes it as the instrument of another whose name is identical, (see Ex parte State ex rel. Attorney General, 213 Ala. 1, 104 So. 4), the evidence in this case is only to the effect that the check in this case was made, received and passed as the check of John Williams, this appellant. There is no particle of evidence from which it could be inferred that the check was represented or purported as being made by any other John Williams.

While under the evidence it may be inferred that this appellant has fraudulently obtained goods, or has violated certain statutes relating to the giving of checks, there is no evidence whatsoever from which the jury could have inferred that this appellant had falsely made, altered, forged or counterfeited any instrument which purported to be the act of another. Such elements are essential to constituted forgery in the second degree as defined in Section 200, Title 14, Code of Alabama 1940.

It is our opinion that the lower court erred in refusing the general affirmative charge requested in writing by the appellant (defendant below) in the trial below, and for this reason a reversal is in order.

Reversed and remanded.