LOTTINGER, Judge.
This is a suit by Ira R. Dunaway, Sr., against Lindsley-Feiber Motor Company, Inc., for damages suffered by petitioner as a result of an alleged wrongful suit brought against petitioner by defendant. The Lower Court maintained exceptions of no right or cause of action by defendant.
Prior to the instigation of the present suit, the defendant brought suit against Ira Dunaway on an open account in the sum of $10.39 in the City Court of the City of Bogalusa where all pleadings in actions of less than $100 are verbally made. Citation on the said suit was served by the Constable on the petitioner, Ira R. Duna-way, Sr. Hearing on the case was set, and upon trial of the matter the defendant, motor company, upon discovering that citation had been made on the wrong party, dismissed the suit at its own cost. The facts show that the said account was actually owed by Ira R. Dunaway, Jr., who lived at the same address as his father. The petitioner, Ira R. Dunaway, Sr., then brought this present suit, alleging that, as a result of the suit in which he was wrongfully cited, he has sustained damages in the sum of $990. The defendant filed an exception of no right or cause of action, which was maintained in the Lower Court. The petitioner has appealed.
The present suit is filed under the tort law of this state, particularly Articles 2315 and ■ 2316 of the LSA-Civil Code. Said Articles provide:
“Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death * * LSA-C.C. 2315.
“Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.” LSA-C.C. 2316.
Under the said codal articles, if the improper citation of the petitioner was caused through the negligence, or fault, of the defendant, and the petitioner was damaged as a result thereof, then the petitioner would have a just claim. The question is therefore whether the defendant did wrong in addressing its suit against Ira Dunaway without specifying whether the defendant was the father or the son, or “Sr.” or “Jr.”
Although we have found no Louisiana case on point, the Courts of Alabama have held that “the suffix Junior, or Jr., is no part of a person’s legal name, but a mere descriptive suffix.” Williams v. State, 33 Ala.App. 119, 31 So.2d 590, 591, affirmed 249 Ala. 432, 31 So.2d 592; Maxwell v. State, 11 Ala.App. 53, 65 So. 732; Teague v. State, 144 Ala. 42, 40 So. 312; Windom v. State, 44 Tex.Cr.R. 514, 72 S.W. 193, 194.
In 65 C.J.S., Names, § 5b we find the following :
“The suffix 'Sr./ 'Junior’ or ‘Jr./ ‘second’ or ‘2d,’ or a word of similar import, added to a name, is ordinarily not a part of the name, although in appropriate circumstances it may be required to be so regarded. It is not necessary to add it to a person’s name in a writ or other legal paper, and to omit or add such appellation or cognomen is harmless error, both in civil and criminal proceedings.”
*507 Although the above holdings have not come from the tribunals of our state, we do believe that they are sound. The record in the present case shows that there were at least two Ira R. Dunaway’s in the City of Bogalusa, the father and the son. The original suit was intended to be against the son, however, the constable served the father with the citation. The father and son both resided at the same address. Under the holdings set forth above the words "Junior” and “Senior” as a suffix to a name are mere surplusage, or for descriptive purposes, and under the said doctrine there was no wrong committed by the petitioner in naming the defendant therein as “Ira Dunaway.”
For the reasons assigned above, the judgment of the Lower Court will be affirmed, all costs to be paid by petitioner.
Judgment affirmed.