184 So.2d 366

**Albert TUCKER, Jr.,**

**v.**

**STATE.**

**6 Div. 86.**

Court of Appeals of Alabama.

March 15, 1966.

Albert Tucker, Jr., pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Circuit Court of Jefferson County, Alabama, for the offense of forgery in the second degree, to which offense he plead not guilty. Appellant was found guilty by a jury and subsequently sentenced to a term of ten years in the penitentiary and from this sentence he brings this appeal.

The indictment reads as follows:

"The Grand Jury of said county charge that, before the finding of this indictment, ALBERT TUCKER, JR., alias ALBERT SIDNEY TUCKER, alias WILLIAM ANDERSON, alias WILLIAM SAILOR ANDERSON, alias CHARLES J. CUNNINGHAM, alias ALBERT S. TUCKER, JR., alias ALBERT SIDNEY TUCKER, alias ALBERT TUCKER, alias CHARLES P. REESER, alias WILLIAM BRUCE HAMILTON, JR.,

with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows:

"DOWNTOWN OFFICE
EXCHANGE SECURITY BANK
BIRMINGHAM, ALA.    Oct. 14   , 19 63

Pay to the
Order of _____ Pizitz _____    $ 25.00 _____
Twenty Five -- and -- no/100 ------    DOLLARS

110 Hollywood
Homewood                      · /s/ Charles J. Cunningham

YOUR FRIENDLY BANK

or, with intent to injure or defraud, did utter and publish, as true, the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged or counterfeited against the peace and dignity of the State of Alabama."

---

We observe that the appellant was indicted under many names connected by the word "alias", and that he signed one of these names, Charles J. Cunningham, to the check. "One indicted under various names connected by the word 'alias,' which is an *abbreviation of the words 'alias dictus,'* meaning 'otherwise called,' may be identified by any of them." 3 Words and Phrases, Alias, p. 140.

We rely heavily on an analogous case, Harris v. State, 19 Ala.App. 484, 98 So. 316, in which Judge Samford, speaking for the court, says:

"The defendant is indicted under the names Mart Harris, Morris F. Mosse, George T. Harn, George Hart. True, the word alias is used to connect these names. The word 'alias' is an abbreviation of the words 'alias dictus,' meaning 'otherwise called.' So that, according to the allegations of the state in the indictment, by all of these names he is known or called, and by either of them he could be identified.

\*    \*    \*    \*    \*    \*

"The law is well settled that the signing of a fictitious name to an instrument with fraudulent intent constitutes forgery. 8 Am. & Eng. Enc. of Law 457; Williams v. State, 126 Ala. 50, 28 South. 632. And,

if such had been the charge here, it would then have become a question of fact as to fraud in identity of the person, as was the case in State v. Wheeler, 20 Or. 192, 25 Pac. 394, 10 L.R.A. 779, 23 Am.St.Rep. 119; Rex v. Sheppard, 1 Leach C.C. 226; Rex v. Whiley, 2 Leach CC. 983; Commonwealth v. Costello, 120 Mass. 358. But in this case the defendant by signing one of the names by which he was known and called did not sign the name of a fictitious person, but his own. 'It is not forgery when the offense is not the assumption of the name of a supposed third person, but the adoption of an alias by the party charged.' Whar. Crim. Law, 1092. All of the foregoing cases recognize the distinction between an instrument signed in an assumed name and passed by the person signing it as his own act and an instrument signed in a fictitious name and passed by the party signing it fraudulently concealing his identity as being the signer.

"The indictment in this case recognizes, as one of the names of the defendant, the name he signed to the check as being one of his names, and the testimony of Miss Owen, a witness for the state, is to the effect that, when he gave the check set out in the indictment, he told witness his

 

name was Morris F. Mosse, that he wrote the check and signed it in her presence, and there is no evidence to the contrary. This case is on all fours with the decision in Reg. v. Martin, 5 Q.B.D. 34, and in line with the holding in Commonwealth v. Baldwin, 11 Gray (Mass.) 197, 71 Am. Dec. 703."

In Tiarks v. First National Bank of Mobile, 279 Ala. 100, 182 So.2d 366, Justice Coleman, speaking for the court, stated:

"In Williams v. State, 33 Ala.App. 119, 31 So.2d 590, affirmed in 249 Ala. 432, 31 So.2d 592, the Court of Appeals reversed a conviction for forgery and held the evidence insufficient where 'John Wesley Williams,' also known as 'John Williams, Jr.,' signed the name 'John Williams' to a check, misrepresenting that he had a substantial bank account. The court said:

'While under the evidence it may be inferred that this appellant has fraudulently obtained goods, or has violated certain statutes relating to the giving of checks, there is no evidence whatsoever from which the jury could have inferred that this appellant had falsely made, altered, forged or counterfeited any instrument which purported to be the act of another. Such elements are essential to constituted forgery in the second degree as defined in Section 200, Title 14, Code of Alabama 1940.' (33 Ala.App., at page 121, 31 So.2d at page 591.)"

See also Esco v. State, 43 Ala.App. 61, 179 So.2d 766.

■ Since here the name on the alleged forged check, to-wit, Charles J. Cunningham, is one of the aliases contained in the indictment against him, this cause is due to be and the same is hereby

Reversed and remanded.

CATES, Judge (concurring in opinion).

I concur in the foregoing opinion. Since I cannot see how the indictment can be constitutionally amended to delete the mutually repugnant allegations pointed out, I think our judgment should direct the discharge of the defendant.