On February 12, 2002, Joseph Eugene Sizemore pleaded guilty to second-degree forgery, a violation of § 13A-9-3(a)(2), Ala. Code 1975. The circuit court sentenced him to two years in prison. That sentence was suspended and Sizemore was placed on two years' probation[1]
On April 20, 2001, Joseph Eugene Sizemore was driving a vehicle in Jefferson County when he was stopped by Deputy Rick Parish. Sizemore told Deputy Parish that his name was Joseph Eugene Latham; that his nickname was "Butch"; that his date of birth was February 14, 1966; and that he lived in Tennessee. Sizemore testified that he gave Deputy Parish his Social Security number, but Deputy Parish testified that Sizemore "said he couldn't remember [his Social Security number]." (R. 19.) Deputy Parish issued uniform traffic ticket and complaints ("UTTC") to Sizemore for driving without an Alabama driver's license and for having an improper tag on his vehicle. Sizemore signed the tickets "Joseph Eugene Latham" and left. Two days later, Deputy Parish discovered that the name of the individual to whom he had issued tickets was really "Sizemore" instead of "Latham." Deputy Parish submitted a sworn affidavit to a Jefferson County magistrate for the purpose of *Page 972 
obtaining an arrest warrant for forgery; he attached a copy of the UTTCs to the affidavit. Deputy Parish arrested Sizemore on the forgery charge and issued new UTTCs for the two original violations and an additional ticket for driving without proof of insurance. The new tickets were issued to Joseph Eugene Sizemore, although Sizemore refused to sign the tickets. Sizemore was charged by indictment with second-degree forgery.
Before his trial date, Sizemore filed a motion to dismiss the indictment, which the circuit court denied after a hearing. After the circuit court denied his motion to dismiss the indictment, Sizemore withdrew his not guilty plea and entered a plea of guilty. Sizemore specifically preserved for appeal the two issues he now raises, and we address each in turn.
First, Sizemore argues that the circuit court erroneously denied his motion to dismiss the indictment. Specifically, he contends that the indictment was due to be dismissed because, according to Sizemore, the tickets were void on their face because, he says Deputy Parish failed to comply with Rule 19(A)(5)(a), Ala.R.Jud.Admin., and present the tickets to a magistrate within 48 hours. Sizemore also contends that the original UTTCs were rendered void on their face when Deputy Parish issued new citations. We disagree.
Rule 19(A)(5)(a), Ala.R.Jud.Admin., states, in relevant part:
 "Each law enforcement officer issuing a traffic ticket shall complete and sign the ticket, serve a copy of the completed ticket upon the defendant and, without unnecessary delay, normally within 48 hours, acknowledge under oath the facts alleged therein before the court or magistrate and file the court copies of the uniform traffic ticket and complaint with the court."
Sizemore argues that the original tickets were void on their face for two reasons: because Deputy Parish did not present the original tickets to a magistrate within 48 hours; and because Deputy Parish issued new UTTCs to replace the original tickets.
A UTTC is not void on its face for a lack of a judge's signature. Rather, such a defect goes to personal jurisdiction and not to subject-matter jurisdiction. Smith v. City of Tuscaloosa, 601 So.2d 1136
(Ala.Crim.App. 1992). Sizemore did not challenge the personal jurisdiction of the trial court. Sizemore cited Nikolic v. State,439 So.2d 828 (Ala.Crim.App. 1983), to support his claim. The State correctly noted, in its brief to this Court, that Nikolic is factually distinguishable in that the officer in Nikolic failed to sign the ticket. Here, the officer signed the ticket. Additionally, although not in the regular course of presenting UTTCs to a magistrate as provided for in Rule 19(A)(5)(a), the officer did present the UTTCs to a magistrate when obtaining a warrant to arrest Sizemore for the forgery. Deputy Parish testified that he did not present the original UTTCs to the magistrate as required by Rule 19(A)(5)(a), that he instead kept the tickets for evidence.
In Lawrence v. State, 601 So.2d 194 (Ala.Crim.App. 1992), this Court stated:
 "We hold that the 48-hour requirement of Rule 19(A)(5)(a) is a ministerial or administrative act designed to ensure the accountability of each UTTC issued to a law enforcement agency. Cf. Donovan v. State, 359 So.2d 1181, 1183-84 (Ala.Cr.App. 1978) (the failure to timely return a properly executed search warrant does not invalidate the search and seizure). Therefore, in the absence of some showing of prejudice, a defendant has no ground of complaint because the *Page 973 
UTTC was untimely verified under Rule 19."
601 So.2d at 195-96.
Here, Deputy Parish was forced to chose between presenting to the magistrate tickets he knew contained discrepancies, or to obtain an arrest warrant for Sizemore and to then reissue the tickets with accurate information. Deputy Parish attached the UTTCs to a sworn affidavit and presented the affidavit to a magistrate in Jefferson County for a warrant to arrest Sizemore for forgery. Sizemore has failed to make any showing that he was prejudiced by the fact that the original tickets were not sworn before the magistrate within 48 hours. According to the record, Deputy Parish did submit the three new tickets to a Judge, and Sizemore pleaded guilty to the those violations on June 8, 2001. Sizemore has failed to show that the original UTTCs were void on their face.
For the above-stated reasons, Sizemore is not entitled to any relief on this claim.
Sizemore also argues that the indictment was due to be dismissed because, he argues, the name he gave the officer was an alias that was included in the indictment and it was not the name of another person. Thus, he claims, it could not be the subject of a forgery charge. We disagree.
Section 13A-9-3(a), Ala. Code 1975, provides:
 "A person commits the crime of forgery in the second degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
". . .
 "(2) A public record, or an instrument filed or required or authorized by law to be filed in a public office or with a public employee."
According to Sizemore, "Latham" is his wife's last name. He testified that he no longer used the name Sizemore, but rather held himself out as Latham.[2] However, Sizemore's driver's license, although suspended, was issued in the name "Sizemore." Were that to be the only evidence presented, Sizemore's argument would have been significantly more compelling, and clearly in line with the well-established caselaw that holds that merely giving an alias or name that one is known by does not constitute forgery.
However, we note that, according to Deputy Parish, Sizemore also incorrectly stated that his date of birth was February 14, 1966. According to the record, Sizemore was born in 1968. This testimony, coupled with the conflicting testimony about whether Sizemore provided Deputy Parish with a Social Security number, gives rise to the inference that Sizemore was acting with the intent to defraud, rather than merely using a name that he was otherwise known by. Certainly, the giving of a false date of birth would constitute the giving of false information, as opposed to forgery. However, based on Deputy Parish's allegations, Sizemore, in effect, created a fictitious third person and signed that person's name on an instrument to be filed in a public office as opposed to just signing an alias.
In Tucker v. State, 43 Ala. App. 163, 184 So.2d 366 (1966), the Alabama Supreme Court stated that signing an alias to an instrument did not constitute forgery. The term "alias," the Court explained, was an abbreviation of "alias dictus," which *Page 974 
meant "otherwise called." Tucker, 43 Ala. App. At 164, 184 So.2d at 367.
 "`The law is well settled that the signing of a fictitious name to an instrument with fraudulent intent constitutes forgery. 8 Am. Eng. Enc. of Law 457; Williams v. State, 126 Ala. 50, 28 So. 632
[(1900)]. And, if such had been the charge here, it would then have become a question of fact as to fraud in identity of the person, as was the case in State v. Wheeler, 20 Or. 192, 25 P. 394, 10 L.R.A. 779, 23 Am.St.Rep. 119 [(1890)]; Rex v. Sheppard, 1 Leach C.C. 226 [(1781)]; Rex v. Whiley, 2 Leach CC. 983[()]; Commonwealth v. Costello, 120 Mass. 358
[(1876)]. But in this case the defendant by signing one of the names by which he was known and called did not sign the name of a fictitious person, but his own. "It is not forgery when the offense is not the assumption of the name of a supposed third person, but the adoption of an alias by the party charged." Whar. Crim. Law, 1092. All of the foregoing cases recognize the distinction between an instrument signed in an assumed name and passed by the person signing it as his own act and an instrument signed in a fictitious name and passed by the party signing it fraudulently concealing his identity as being the signer.'"
Tucker, 43 Ala. App. at 164, 184 So.2d at 367-68 (quoting Harrisv. State, 19 Ala. App. 484, 98 So. 316 (1923)).
The exception that we have identified here is narrow and fact specific, and it is not intended to apply where the signing of an alias is the only act by the accused. The principle discussed in Tucker, i.e., that the signing of an alias does not rise to the level of forgery, still holds true under circumstances similar to those in Tucker. However, when used in connection with other actions which demonstrate fraudulent intent or to conceal the signer's true identity or to convey the impression that the signer is some other third person, the use of an alias may
constitute forgery.
Here, Sizemore not only gave Deputy Parish a false name, he also gave other false or misleading information. Thus, Sizemore did not merely give and sign a name that he was otherwise known by. By telling Deputy Parish that he was born in 1966 instead of 1968 and that he could not remember his Social Security number, Sizemore demonstrated the requisite intent to elevate his actions to forgery; he assumed the name of some fictitious third person. The jury could infer that Sizemore's actions were designed to conceal his true identity from Deputy Parish to avoid the tickets. See also State v. Mata, 247 Wis.2d 1, 632 N.W.2d 872 (Wis.App. 2001) (evidence sustained forgery conviction despite the defendant's claim of the innocent use of an alias where a jury could infer that the alias was used for a fraudulent scheme or intent).
Because his claim is without merit, Sizemore is not entitled to any relief.
For the reasons stated above, the circuit court's judgement is due to be affirmed.
AFFIRMED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] Sizemore also pleaded guilty to a misdemeanor charge arising from the same incident as the forgery charge. In that case, the circuit judge sentenced Sizemore to 12 months in jail; that sentence was suspended, and Sizemore was placed on probation for 12 months. The sentence was to run concurrently with Sizemore's sentence in the forgery case. On appeal, Sizemore raises no issues relating to the misdemeanor conviction, and we do not address that conviction in this opinion.
[2] Sizemore testified that, in addition to other things, his residence was leased under the name Latham, and that his tax paperwork was in that name as well.
 *Page 322