COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


SAMUEL C. ASINUGO

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1671-09-4            JUDGE RANDOLPH A. BEALES
                                               JULY 20, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Judge

        James C. Clark (Land, Clark, Carroll, Mendelson & Blair, P.C., on
        briefs), for appellant.

        Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General, on brief), for appellee.


        The trial court convicted appellant of forging a public record, in violation of Code

§ 18.2-168.  On appeal, appellant argues both that the evidence supporting this conviction was

insufficient and that the trial court committed reversible error when it admitted the general habit

testimony of a witness.  We hold a rational factfinder could conclude that the evidence was

sufficient to support the forgery conviction beyond a reasonable doubt.  Furthermore, although

we accept the Commonwealth's concession of error concerning the admission of the witness'

general habit testimony and assume without deciding that it was error, we conclude that this error

was harmless.  Therefore, we affirm appellant's forgery conviction for the reasons stated below.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. Background

Appellant was born in Nigeria on August 13, 1959. He was given the name Michael Igwemere at his birth, but a Nigerian government record, which was admitted into evidence at appellant's forgery trial, established that his name was changed to Samuel Asinugo in 1967. After appellant entered the United States as a student, he applied for permanent residency and naturalization under the name Samuel Asinugo, and he was issued a social security number under that name. This social security number ended with the numbers 9489.

On July 19, 2007, the Governor of Virginia granted appellant a pardon for a December 2004 misdemeanor identity fraud conviction. Although the pardon identified appellant as "*Samuel Chijioke Asinugo* (whose birth name is *Michael Igwemere*)," the pardon did not permit appellant to use both of these names as appellant has claimed to police; furthermore, according to a stipulated statement of facts filed in September 2008 in another matter in the United States District Court for the Eastern District of Virginia, which was admitted at appellant's trial in this matter, appellant acknowledged that his pardon by the Governor did not permit him to use both of these names or to use more than one social security number.

On September 14, 2007, Special Agent Geoffrey Meixner of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives stopped a vehicle driven by appellant. The record below provides few details about this traffic stop. Agent Meixner testified at appellant's forgery trial that the traffic stop lasted approximately thirty seconds and that appellant did not "stick around" at the scene. The agent also testified that appellant did not provide his name and other identifying information during this brief traffic stop. However, Agent Meixner determined from a computer check of the vehicle's license plate number that it was registered under the name of Michael Igwemere and that a driver's license had been issued to a person with that name. Agent Meixner's research indicated that Michael Igwemere was born on August 7, 1949 and had been

issued a social security number ending in 0381 – a different birth date than appellant's actual birth date, and a different social security number than the one that the federal government had actually issued appellant under the name Samuel Asinugo. Agent Meixner then obtained arrest warrants for Michael Igwemere, believing this was appellant's name, and the arrest warrants listed the false identifying information corresponding to the name Michael Igwemere.

On October 15, 2007, Agent Meixner and state law enforcement served the arrest warrants on appellant at his home, which was the address listed on the warrants. At this time, appellant said that his name was actually Samuel Asinugo and that Michael Igwemere was instead his *cousin*. Appellant produced a District of Columbia driver's license and a resident alien card – both issued in the name of Samuel Asinugo. However, Agent Meixner believed that appellant was actually Michael Igwemere because appellant appeared to be the same person as the person depicted in the photograph on Michael Igwemere's driver's license, a copy of which the agent had obtained during his investigation. Agent Meixner took appellant to the county detention center.

As part of the booking procedure, Deputy Lynn Hedrick prepared a fingerprint card showing appellant's fingerprints using the same identifying information for appellant that Agent Meixner had obtained from the vehicle registration, including the name Michael Igwemere, a birth year of 1949, and a social security number ending in 0381. Agent Meixner observed appellant sign this fingerprint card.[1] Appellant provided no aliases, even though the fingerprint card contained a space for aliases immediately below the signature line, and he did not attempt to correct any of the preprinted information on the card.

---

[1] Appellant's counsel conceded at trial on the forgery charge that appellant's signature on the fingerprint card was illegible.

Agent Meixner then brought appellant before the magistrate. According to Agent Meixner, some discussion occurred concerning appellant's use of different names, dates of birth, and social security numbers. Appellant told the magistrate that both dates of birth were his, that "he has two names" – Samuel Asinugo and Michael Igwemere – "and that he was given a pardon from the Governor, and is allowed to use other names, identifiers." However, as discussed above, the pardon did not permit appellant to use more than one name or other multiple identifiers.

At trial on an underlying misdemeanor reckless driving charge, which resulted from the arrest warrants Agent Meixner had executed, appellant told the trial court in that proceeding only that his name was Michael Igwemere.

Appellant was charged with forgery of a public record – the fingerprint card – in violation of Code § 18.2-168. In addition to Agent Meixner's testimony pertaining to the fingerprint card, Deputy Hedrick testified that he always explains to arrestees that the act of signing the signature card "verif[ies] their fingerprints and their information on the card" and that he advises arrestees not to sign the fingerprint card if the fingerprints or identifying information is not theirs.[2] Moreover, Officer Matthew Kunstel testified that appellant produced a District of Columbia driver's license issued to Samuel Asinugo during an unrelated traffic stop on January 29, 2008.

The trial court denied appellant's motion to strike and found appellant guilty of forgery. The trial court noted that appellant's acknowledgement in the stipulated statement of facts filed

---

[2] Although Deputy Hedrick's initials appeared on the back of appellant's card, indicating that he had administered the fingerprinting procedure, he testified that he did not specifically recall fingerprinting appellant, given the large number of arrestees (approximately twenty-five) that he fingerprints in a typical night. The trial court overruled appellant's objection that the deputy's testimony constituted inadmissible general habit testimony.

- 4 -

in federal district court – that appellant's gubernatorial pardon did not permit him to use both names and multiple social security numbers – was a significant piece of evidence establishing appellant's intent to defraud when he signed the signature card.

## II. ANALYSIS

### A. Sufficiency of the Evidence

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

> Code § 18.2-168, which proscribes the offense of forgery, provides in pertinent part: "If any person forge a public record . . . or utter, or attempt to employ as true, such forged record . . . knowing the same to be forged, he shall be guilty of a Class 4 felony." "Forgery is a common law crime in Virginia. It is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173-74, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)).

Rodriquez v. Commonwealth, 50 Va. App. 667, 671, 653 S.E.2d 296, 298 (2007).

"The fingerprint card, which Code § 19.2-390 requires the police to prepare and submit to the Central Criminal Records Exchange (CCRE) on special forms, is clearly a public record," as appellant acknowledges. Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 65 (1993). "Confidence in the integrity of documents used by public officials for identification purposes is of the utmost importance. Obviously, adverse and serious consequences follow if the records or documents are incorrect because someone has undermined the process by forging them." State v. Martinez, 183 P.3d 935, 938-39 (N.M. Ct. App. 2008) (quoting State v. Johnson, 855 S.W.2d 470, 473 (Mo. Ct. App. 1993).

Appellant argues that he did not commit forgery of the fingerprint card because, he claims, he did not act with the specific intent to defraud that is required to sustain a conviction under Code § 18.2-168. Campbell v. Commonwealth, 14 Va. App. 988, 990, 421 S.E.2d 652, 653 (1992) (en banc), aff'd, 246 Va. 174, 431 S.E.2d 648 (1993). A person acts with fraudulent intent when he or she acts "with an evil intent, or with the specific intent to deceive or trick." Burrell v. Commonwealth, 50 Va. App. 72, 86, 646 S.E.2d 35, 42 (2007). Such intent "may, and often must, be inferred from the facts and circumstances in a particular case," Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979), including "the conduct and representations of the defendant," Norman v. Commonwealth, 2 Va. App. 518, 519, 346 S.E.2d 44, 45 (1986). The question of intent typically rests with the finder of fact. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

Appellant asserts that this Court's opinion in Rodriquez, where a forgery conviction was affirmed, is not controlling on the facts here. In that case, Rodriquez verbally provided a police officer with his brother's identifying information, and the officer, using that identifying information, prepared and issued two traffic summonses in Rodriquez's brother's name. Rodriquez, 50 Va. App. at 670, 653 S.E.2d at 298. The officer handed the summonses to

Rodriquez, who signed them using his own name. Id. Affirming Rodriquez's forgery conviction on appeal, this Court held that the evidence was sufficient to prove that he forged the summonses with the requisite intent to defraud because "Rodriquez caused to be made or created" two summonses in his brother's name rather than his own. Id. at 673, 653 S.E.2d at 299.

Unlike Rodriquez, appellant contends, he did not provide Agent Meixner with any of the identifying information that appeared on the arrest warrants – which referenced the name Michael Igwemere, not Samuel Asinugo – nor with what the record below established were appellant's incorrect date of birth and social security number. Because the fingerprint card contained the same identifying information as the arrest warrants prepared by Agent Meixner, appellant claims that he did not "cause" any false identifying information to appear on the fingerprint card.

However, viewing the evidence at trial in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, Riner, 268 Va. at 330, 601 S.E.2d at 574, appellant caused false identifying information to appear on a public record. Appellant not only went by two names, Samuel Asinugo and Michael Igwemere, among other names,[3] but also had separate dates of birth and social security numbers corresponding to these names – without any legal right to use more than one name or more than one social security number. In fact, according to the federal district court's statement of facts admitted into evidence at trial here, appellant *acknowledged* that his pardon for misdemeanor identity fraud did not permit him to use both names or more than one social security number. Nevertheless, the evidence below

---

[3] The caption of the stipulated statement of facts filed in federal district court, which was admitted into evidence by the trial court in this proceeding, identified appellant as "SAMUEL CHIJIOKE ASINUGO, a/k/a Michael Igwemere, Emmanuel Akindele, Samuel Asunugo, Michael Chidi Igwe, Joseph Michaels, Joseph Onwubuche, Samuel Nwokana, Collins Pettaway, Michael Chidi, Vincent Bamidele, Niars Rashad-Ahmed."

demonstrated that appellant essentially maintained separate identities under the names Samuel Asinugo and Michael Igwemere – obtaining driver's licenses in both of these names and even registering a vehicle under the name Michael Igwemere.

As an appellate court, it is our "duty to look to that evidence which tends to support the verdict" when the sufficiency of the evidence is challenged on appeal. See Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). Appellant's maintenance of a separate identity under the name Michael Igwemere was certainly a circumstance supporting the trial court's finding that appellant acted with fraudulent intent when he signed the fingerprint card, especially since appellant's use of this other identity served to undermine the integrity of public documents used for identification purposes in this case. See Martinez, 183 P.3d at 938-39.

Following the brief traffic stop on September 14, 2007, when appellant quickly left the scene without disclosing his name or other identifying information, Agent Meixner attempted to ascertain appellant's identity through a computer search of the license plate of the vehicle appellant had been driving and his corresponding vehicle registration information. It comes as no surprise, therefore, that Agent Meixner prepared arrest warrants under the name of Michael Igwemere – appellant had registered the vehicle under this name, using a date of birth and a social security number that were not legitimately his. Appellant's fraudulent registration of a vehicle in this manner caused Agent Meixner to prepare the arrest warrants that referenced the name Michael Igwemere and the false identifying information corresponding to that name. The same name and false identifying information were then included on the fingerprint card, which appellant signed. Consequently, although not in the same manner as the defendant in Rodriquez, appellant also caused the false information to appear on a public record that he signed, which he then signed without any attempt to correct.

Appellant claims that he made "extraordinary, contemporaneous efforts" to clarify his true identity, but the evidence at trial belies this claim. When Agent Meixner arrived at appellant's residence on October 15, 2007 to serve the arrest warrants, appellant told the agent that his name was Samuel Asinugo, but he claimed falsely that Michael Igwemere was his *cousin*. Appellant did not explain to the agent that he was known by both names. Appellant's false statement that Michael Igwemere was his cousin, not his own birth name, was certainly further evidence of appellant's intent to defraud as it suggested appellant's intent to deceive or trick the agent. See Burrell, 50 Va. App. at 86, 646 S.E.2d at 42. During the booking process at the detention center, appellant then signed the fingerprint card in the presence of Agent Meixner and Deputy Hedrick, who testified over appellant's objection that he advises arrestees not to sign the fingerprint card if any identifying information is incorrect.[4] Appellant signed the fingerprint card without providing his legally recognized name of Samuel Asinugo anywhere on the fingerprint card, even though the fingerprint card included a space for aliases.

Moreover, appellant's counsel conceded in the trial court that appellant's signature on the fingerprint card was illegible, which the trial court was permitted to consider in its finding that appellant signed the fingerprint card with the intent to defraud. See Rodriquez, 50 Va. App. at

---

[4] When assessing the sufficiency of the evidence on appeal, this Court considers all the evidence at trial, including evidence that the trial court should have found to be inadmissible. See Sprouse v. Commonwealth, 53 Va. App. 488, 493, 673 S.E.2d 481, 483 (2009) (holding that a certificate of analysis that the trial court should not have admitted as evidence at trial was appropriate to consider on appeal for the sufficiency of the evidence because, as an appellate court reviewing for the sufficiency of the evidence, "'we consider all admitted evidence, including illegally admitted evidence'" (quoting Hargraves v. Commonwealth, 37 Va. App. 299, 312-13, 557 S.E.2d 737, 743 (2002))); see also Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008) ("In determining whether there is evidence to sustain a conviction, an appellate court must consider all the evidence admitted at trial that is contained in the record."). Consistent with this principle, we consider Deputy Hedrick's habit testimony among the totality of the evidence presented at trial when discussing appellant's question presented challenging the sufficiency of the evidence on appeal. However, as we explain *infra*, in our discussion concerning appellant's question presented challenging the trial court's admission of the deputy's habit testimony, the admission of this testimony was harmless.

673, 653 S.E.2d at 299 (noting that Rodriquez's illegible signatures on the summonses were additional indicia of his intent to defraud); see also State v. Hudson, 793 S.W.2d 872, 880 (Mo. Ct. App. 1990) (explaining that Hudson's illegible signature on a sales receipt was a circumstance supporting his forgery conviction). The trial court found that appellant's illegible signature on the fingerprint card resembled his signature on the statement of facts in federal district court. The record in the trial court included other documents, however, where appellant signed his name as Samuel Asinugo in a significantly different style that was readily legible. Rather than attempting to clarify his true identity, therefore, appellant's actions prior to signing the fingerprint card suggested a calculated attempt to claim that he was someone other than Samuel Asinugo.[5] See Rodriquez, 50 Va. App. at 672, 653 S.E.2d at 299 (explaining that forgery occurs when a person signs with fraudulent intent an instrument that "'is false in any material part and calculated to induce another to give credit to it as genuine and authentic when the instrument is not in fact what it purports to be'" (quoting 36 Am. Jur. 2d Forgery § 10 (2001))).

Based on this record, the trial court, whose ruling "is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it,'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680), found that appellant signed the fingerprint card with intent to defraud. The trial court's ruling cannot be disturbed on appeal unless *no* 'rational trier of fact' could have come to the conclusion it did." Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12-13 (2004) (emphasis

_____

[5] Appellant notes that he told both the magistrate on October 15, 2007 and Officer Kunstel during the unrelated January 29, 2008 traffic stop that he went by both Samuel Asinugo and Michael Igwemere. However, appellant conceded in the trial court that he was brought before the magistrate *after* he signed the fingerprint card. In addition, appellant told the magistrate that the pardon permitted him to use multiple names and identifiers – but the pardon clearly did not grant such permission, as appellant acknowledged in the stipulated statement of facts that he signed in federal district court.

added) (citing Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc)).  As an appellate court reviewing the totality of the evidence admitted at trial, see Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007), we conclude that a rational factfinder, such as the trial court here, could have found beyond a reasonable doubt that appellant forged the fingerprint card with the required intent to defraud.

## B.  Harmless Error

Appellant argues that the trial court committed reversible error when it permitted Deputy Hedrick to testify that he advises arrestees to verify all information on a fingerprint card before signing.  The Commonwealth concedes that this testimony constituted inadmissible general habit testimony in a criminal proceeding.  See Hodges v. Commonwealth, 45 Va. App. 735, 764, 613 S.E.2d 834, 848 (2005) (interpreting Code § 8.01-397.1), rev'd on other grounds, 272 Va. 418, 634 S.E.2d 68 (2006).  Accepting the Commonwealth's concession of error in the trial court, we will assume without deciding that the trial court erred here in admitting Deputy Hedrick's testimony about his general practice of advising arrestees to verify information before signing their fingerprint cards.  Because such an error here does not involve any constitutional principles (nor did appellant argue that it did), we now apply the non-constitutional harmless error standard.  See Clay v. Commonwealth, 262 Va. 253, 259-61, 546 S.E.2d 728, 731-32 (2001).  Under this standard:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Code § 8.01-678.

In determining whether substantial justice has been reached, "a reviewing court must decide whether the alleged error substantially influenced the [factfinder].  If it did not, the error

- 11 -

is harmless." Clay, 262 Va. at 659, 546 S.E.2d at 731. "An error does not affect a verdict if a reviewing court can conclude, without usurping the [factfinder's] function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (en banc).

The trial court admitted Deputy Hedrick's testimony that he advises arrestees to verify all information on the fingerprint card before signing the card as probative evidence in determining whether appellant signed the fingerprint card with fraudulent intent; however, the deputy's testimony was but one piece of evidence among the totality of the evidence at trial establishing that element of the forgery offense, and this Court cannot conclude that its inclusion left the preservation of appellant's substantial rights "in grave doubt." Kotteakos v. United States, 328 U.S. 750, 765 (1946); see Clay, 262 Va. at 260, 546 S.E.2d at 732 (adopting the Kotteakos harmless error test). Rather, as discussed above, the Commonwealth presented ample evidence of appellant's fraudulent intent when he signed a fingerprint card that listed a name that was not his legally recognized name, an incorrect date of birth, and a clearly false social security number – as well as failing to list any alias and providing an illegible signature.

"'Where *any material portion* of the instrument, including a name or signature, is fictitious, a forgery conviction may be sustained.'" Rodriquez, 50 Va. App. at 672, 653 S.E.2d at 299 (emphasis added) (quoting Colorado v. Brown, 562 P.2d 754, 755 (Colo. 1977)). On brief and at oral argument before this Court, appellant essentially argued that his names of Samuel Asinugo and Michael Igwemere are interchangeable. Because Michael Igwemere is his birth name, not a completely fictitious name, he contended that the signature on the fingerprint card belonged to the person whose fingerprints appeared on the card and could not constitute a forgery. However, the record below demonstrates that appellant was *not* permitted to represent himself on public documents as anyone other than Samuel Asinugo, and the signed fingerprint

card also listed *other* identifying information that was false or fictitious – such as the incorrect date of birth and the social security number that did not belong to appellant.

Therefore, appellant did not simply sign the fingerprint card using his birth name of Michael Igwemere as an alias, as he claims on appeal. Instead, appellant's signature on the fingerprint card acknowledged ownership of a date of birth and social security number that were not his – an identity of Michael Igwemere that had separate identifying information from his identity as Samuel Asinugo, which is his one legitimate identity recognized by the government of the United States and by the government of this Commonwealth. Using an illegible signature, appellant signed the fingerprint card that listed the *false* identifying information even though he acknowledged in the statement of facts filed in federal district court that he was not permitted to use more than one name and more than one social security number, as the Fairfax Circuit Court noted when it found appellant guilty of forgery of a public document. See Sizemore v. State, 847 So. 2d 970, 974 (Ala. Crim. App. 2002) ("[W]hen used in connection with other actions which demonstrate fraudulent intent or to conceal the signer's true identity or to convey the impression that the signer is some other third person, the use of an alias may constitute forgery.").

After considering all the evidence presented at trial, the trial court found appellant signed the fingerprint card, a public record, with fraudulent intent. In light of all the evidence from which appellant's fraudulent intent may be inferred, we are confident that Deputy Hedrick's testimony "'did not influence'" the trial court, "'or had but slight effect.'" Clay, 262 Va. at 260, 546 S.E.2d at 731 (quoting Kotteakos, 328 U.S. at 764). Consequently, assuming without deciding that the trial court's admission of Deputy Hedrick's testimony was error, we can say with assurance that this testimony did not influence the verdict of appellant's bench trial and was, therefore, harmless. See Adams v. Commonwealth, 275 Va. 260, 278, 657 S.E.2d 87, 97 (2008) ("Applying [the non-constitutional harmless error] test, we can say with assurance that

- 13 -

the jury's verdict was not influenced by Barker's testimony about the information contained in the catalogue."); see also Clay, 262 Va. at 659, 546 S.E.2d at 731.

## III. CONCLUSION

The evidence was sufficient for a rational factfinder to conclude that appellant was guilty of forgery beyond a reasonable doubt, and any error by the trial court in admitting Deputy Hedrick's general habit testimony was harmless error under Code § 8.01-678. Accordingly, for the foregoing reasons, we affirm appellant's conviction for forging a public record.

Affirmed.