COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Beales and Retired Judge Benton*
Argued at Alexandria, Virginia


VIRGINIA ANN KILBY

                                                      MEMORANDUM OPINION** BY

v.       Record No. 1427-06-4           JUDGE RANDOLPH A. BEALES
                                                      OCTOBER 2, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

David P. Baugh for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


A jury convicted Virginia Ann Kilby (appellant) on one count of cruelty and injury to a child in violation of Code § 40.1-103 and three counts of contributing to the delinquency of a minor in violation of Code § 18.2-371. Appellant asserts that retained counsel's representation of both her and co-defendant/husband at their joint trial resulted in an impermissible conflict of interest in violation of Rule 1.7 of the Virginia Rules of Professional Conduct. Appellant urges this Court to apply the ends of justice exception to Rule 5A:18 in order to consider this issue since it was never raised before the trial court. For the reasons that follow, we affirm the convictions.[1]

---

\* Judge Benton participated in the hearing and decision of this case prior to the effective date of his retirement on October 1, 2007.

\*\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellee's motion to dismiss this appeal is denied.

BACKGROUND

Because appellant does not challenge the sufficiency of the evidence on appeal, only a brief recitation of the relevant factual background is necessary.

Appellant was indicted, along with her husband, on one charge of cruelty and injury to a child and three charges of contributing to the delinquency of a minor. Appellant and her husband then retained an attorney to represent them both in a joint trial. The issue of a conflict of interest was never raised before the trial court, nor did the trial court examine the issue *sua sponte*. A jury found appellant guilty on all four charges and recommended a sentence of fourteen months incarceration and a $3,000 fine. The trial court imposed the jury's recommendation without modification.

After appellant noted her appeal, this Court entered an order relieving trial counsel of his obligation to continue representing both appellant and her husband. Current counsel, reflected above, was appointed to represent appellant.

ANALYSIS

Appellant presented two questions for consideration in this appeal. The first question asks if "an issue of conflict of interest of an attorney . . . is preserved for purposes of appeal" under "good cause or to enable this Court to attain the ends of justice as mandated by Rule 5A:18." She concedes in this question that the issue of a conflict of interest was never raised to the trial court.

Appellant argues that a trial court has an obligation to ensure there is no conflict of interest where one attorney represents co-defendants in a joint criminal trial. As the trial court

here neglected to inquire into the nature of the representation of appellant and her husband by the same attorney, she contends, the ends of justice exception applies to her appeal.[2]

A trial court does not have an affirmative duty to question co-defendants, *sua sponte*, about their representation by the same attorney. The United States Supreme Court explained in Cuyler v. Sullivan, 446 U.S. 335, 346-47 (1980):

> Holloway [v. Arkansas, 435 U.S. 475 (1978),] requires state trial courts to investigate timely objections to multiple representation. But nothing in our precedents suggests that the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representation in every case. Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist.

(Footnotes omitted.) Therefore, the fact that an attorney represented both appellant and her husband did not necessarily impose a duty on the court to question them regarding their counsel.

The ends of justice exception to Rule 5A:18 is applied when the record "affirmatively show[s] that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). However, appellant does not ask this Court to consider any portion of the record as establishing that "a miscarriage of justice *has* occurred." Id. Appellant does not point in this record to any particular manifestation of a specific conflict of interest. See Penn v. Smyth, 188 Va. 367, 372, 49 S.E.2d 600, 602 (1948) (explaining that counsel's representation of co-defendants did not necessarily

---

[2] Appellant does not explain how the good cause exception applies independently of the ends of justice exception. Therefore, we address only the ends of justice exception as raised on appeal. See Burrell v. Commonwealth, 50 Va. App. 72, 646 S.E.2d 35 (2007).

"show that [petitioner] suffered any prejudice as a result of such representation").[3]  Given this record, we do not find that the ends of justice exception should be applied here.

Appellant's second question presented reads as follows:

> Did counsel for the defense, representing both defendant parents in various charges alleging contributing to the delinquency of minors, the children and a niece of the defendants, create a conflict of interest by such representation of both defendants in a joint trial and deny the defendant, [appellant], of her constitutionally protected right to effective assistance of counsel?

Despite asserting the contrary in this question presented, appellant maintains on appeal that she is not actually raising an ineffective assistance of counsel claim.  However, despite appellant's denial, the second question presented clearly raises an ineffective assistance of counsel claim, which we cannot consider on direct appeal.  See Hall v. Commonwealth, 30 Va. App. 74, 82, 515 S.E.2d 343, 347 (1999) ("Claims of ineffective assistance of counsel may not be raised on direct appeal.").[4]

Moreover, appellant does not allege a trial court error in *either* question presented to this Court (i.e., neither question presented asks this Court to substantively consider whether the trial court had an obligation to raise this issue *sua sponte* and committed error by failing to ensure that no conflict of interest existed here).  That being the case, we cannot consider this substantive issue as Rule 5A:12(c) provides "[o]nly questions presented in the petition for appeal will be

---

[3] In addition, as the Commonwealth pointed out during oral argument, the record does not include any information regarding discussions between appellant and her counsel about potential conflicts in counsel's representation of the spouses.

Furthermore, as noted *supra*, appellant does not challenge the sufficiency of the evidence to support her convictions, but does seek essentially to approbate and reprobate by taking advantage on appeal of the fact that she and her husband knowingly asked the same attorney to represent them both at trial.

[4] In 1990, the General Assembly repealed Code § 19.2-317.1, which had explicitly provided circumstances for the direct appeal of an ineffective assistance of counsel claim.  See 1990 Va. Acts, c. 74.

- 4 -

noticed by the Court of Appeals." While appellant urges us to apply the ends of justice exception and reach the substantive issue of conflict of interest here, we are unable to apply that exception because "unlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exception." Selph v. Commonwealth, 48 Va. App. 426, 434, 632 S.E.2d 24, 28 (2006).

CONCLUSION

For the reasons stated above, we are unable to address appellant's principal argument on its merits because the questions presented to this Court do not put that argument before us. The judgment of the trial court is affirmed.

Affirmed.

Benton, J., concurring, in part, and dissenting, in part.

I agree with the majority opinion that the nub of appellant's appeal, as revealed in her questions presented, is whether she was denied "her constitutionally protected right to effective assistance of counsel." This claim may not be raised on a direct appeal, however, in Virginia. See Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 363 n.2 (1994) (noting that in 1990, the General Assembly repealed Code § 19.2-317.1 which allowed direct appeals for certain claims of ineffective assistance of counsel). Thus, I would not engage in the exercise of determining whether a miscarriage of justice might have occurred or did occur.

Indeed, in Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), a habeas corpus appeal alleging a denial of effective assistance of counsel, the Supreme Court of the United States held that, "to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." I believe this standard essentially tracks the test this Court would apply when appellant seeks to invoke the exceptions to Rule 5A:18 after failing to object at trial. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (holding that, "to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred").

This appeal exemplifies the wisdom of the rule the Supreme Court of Virginia announced in Walker v. Mitchell, Warden, 224 Va. 568, 570-571, 299 S.E.2d 698, 699-700 (1983): "[I]n the interests of both the Commonwealth and the accused, the ends of justice dictate the adoption of a rule restricting to habeas corpus proceedings the litigation of claims of ineffective assistance of counsel." In the habeas corpus context, Cuyler recognizes that there are instances in which a trial judge will be required to initiate an inquiry into whether a multiple representation entails a conflict of interest. See 446 U.S. at 346-47 (noting that "special circumstances" may exist that will not

permit the judge to merely rely upon the absence of an objection) and 446 U.S. at 347 (noting that if the trial judge "knows or reasonably should know that a particular conflict exists," the judge will need to initiate an inquiry into the propriety of the multiple representation). The Supreme Court, therefore, reviewed the record in Cuyler to determine whether "the circumstances of [that] case indicate[d] that the trial court had a duty to inquire whether there was a conflict of interest." 446 U.S. at 347.

In a habeas corpus proceeding, the court will have the opportunity to consider the circumstances of appellant's trial and the effect of the Comment to Rule 1.7 (Conflict of Interest: General Rule —) of the Virginia Rules of Professional Conduct, which provides in numbered paragraph [9] that, "[i]n a criminal case, inquiry by the Court is generally required when a lawyer represents multiple defendants." In that setting, the court can consider the particular circumstances of appellant's trial, where, unlike Cuyler, the appellant and her husband were tried together, the trial judge was aware of the multiple representation from the outset, the witnesses testified as to various levels of knowledge and cooperation of appellant and her husband, and both testified in the same proceeding about their conduct. The court also will have the opportunity to examine the attorney's tactics and decision making, see 446 U.S. at 347-48, and to consider whether "an actual substantial conflict emerged early in the trial" that warranted a *sua sponte* inquiry by the trial judge. Foxworth v. Wainwright, 516 F.2d 1072, 1077 (5th Cir. 1975). These fact specific inquiries will inform the decision whether appellant was denied her right to effective assistance of counsel and should be considered in a habeas corpus review.

For these reasons, I would dismiss the appeal. See Walker, 224 Va. at 571, 299 S.E.2d at 699-700 (dismissing the direct appeal of a claim of ineffective assistance of counsel as improvidently granted).