COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


MICHAEL WAYNE FRYE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0412-07-2               CHIEF JUDGE WALTER S. FELTON, JR.
                                                        AUGUST 12, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                                    James Luke, Judge

            Charles L. Weber, Jr. for appellant.

            Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Following a bench trial, Michael W. Frye ("appellant"), tried jointly with Jeffrey Kidd

(Kidd), was convicted of embezzlement, in violation of Code § 18.2-111.[1]  On appeal, appellant

contends the trial court erred in denying his motion to strike the Commonwealth's evidence at the

close of its case-in-chief and in finding him guilty of embezzlement, arguing the evidence was

insufficient to convict him of violating Code § 18.2-111.[2]  For the following reasons, we affirm

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also indicted for construction fraud, in violation of Code § 18.2-200.1.
At the close of the Commonwealth's case-in-chief, the trial court granted appellant's motion to
strike the Commonwealth's evidence as to that indictment, finding the Commonwealth failed to
prove that Edwin Anderson, the victim, gave written notice by certified mail to appellant
demanding the return of the payment made to him, an element of the offense.

        [2] Appellant did not present evidence, and accordingly did not waive his right to rely on
his motion to strike made at the close of the Commonwealth's case-in-chief.  See Hargraves v.
Commonwealth, 219 Va. 604, 605, 248 S.E.2d 814, 815 (1978) (by introducing evidence,
accused waives right to rely on motion to strike made at conclusion of Commonwealth's
case-in-chief).

appellant's conviction. Because the parties are familiar with the record below, we cite only those facts necessary to the disposition of the appeal.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Burrell v. Commonwealth, 50 Va. App. 72, 84-85, 646 S.E.2d 35, 41 (2007) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). The "reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (emphasis in original) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 662-63, 588 S.E.2d 384, 386-87 (2003)). It asks whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). "Thus, we do not 'substitute our judgment for that of the trier of fact' even if our opinion were to differ." Burrell, 50 Va. App. at 85, 646 S.E.2d at 42 (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

To establish the crime of embezzlement, the Commonwealth must prove that the accused wrongfully appropriated to his own benefit property entrusted or delivered to the accused with the intent to deprive the owner thereof. See Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991). Although the Commonwealth need not establish the existence of a formal fiduciary relationship, it must prove that the appellant was entrusted with the property of another. See Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 780 (1988).

Additionally, the Commonwealth must prove that the defendant had the specific intent of depriving the rightful owner of property entrusted to him. See Waymack v. Commonwealth, 4 Va. App. 547, 549-50, 358 S.E.2d 765, 766 (1987). Such intent "may be, and often must be, shown by circumstantial evidence." Whitley v. Commonwealth, 223 Va. 66, 73, 286 S.E.2d 162, 166, cert. denied, 459 U.S. 882 (1983); see Stegall v. Commonwealth, 208 Va. 719, 723, 160 S.E.2d 566, 569 (1968).

Proof of the "'[u]authorized and wrongful exercise of dominion and control over another's personal property, to the exclusion of or inconsistent with [the] rights of the owner'" is sufficient to establish such intent. Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983) (quoting Black's Law Dictionary 300 (5th ed. 1979)). "[I]f the [accused] divert[ed] funds to benefit another, that action is sufficient to establish the wrongful appropriation of the property to his . . . own use." Chiang, 6 Va. App. at 17, 365 S.E.2d at 781.

Here, the evidence proved that, in November 2005, Edwin Anderson (Anderson) contracted with appellant and Kidd, who had previously done work for him, to perform construction work at his home and an adjoining property. On November 21, Kidd and appellant informed Anderson that they had consolidated the materials needed to perform the work at a Lowe's home improvement store and that they needed $2,295 to purchase the materials. Anderson gave them a check for $2,295, payable to appellant, and wrote the words "Material Payment" on the memo line of the check. From the evidence presented, the trial court found that Anderson gave the check to appellant and Kidd specifically "for the purchase of materials," and for no other purpose.

Anderson contacted Kidd when the men did not show up at his property with the materials to begin work on November 22. The record shows that appellant cashed the check at the bank on which it was drawn on November 23.[3] Later that day he and Kidd arrived at Anderson's home with

---

[3] The record contains a copy of the check, endorsed by appellant.

only a portion of the materials they were to purchase with the funds from the check. They presented Anderson with a receipt from Lowe's for the materials purchased, showing a total cost of $561.25. Anderson asked them "where the rest of the stuff was," and demanded that they return to him the remaining proceeds from the $2,295 check. Kidd gave Anderson $559 that he had in his pocket. Later that day, Kidd admitted to Anderson that he had used approximately $800 of the $2,295 check proceeds given to him by appellant to pay for repairs to his van. No accounting of more than $300 of the original check proceeds was ever made by appellant or Kidd.

When Anderson asked appellant about the misappropriated funds, he denied knowing that Kidd was going to use those funds to pay for repairs to the van, even though the appellant was dependent on Kidd for transportation to and from the work site. Appellant later promised to do work on the construction project, but failed to appear to perform the work and did not remain in contact with Anderson. Appellant failed to contact the police officer assigned to investigate the incident, despite three telephone messages left by the officer for appellant to contact him.

The trial court found the Commonwealth's evidence credible, that Anderson made the $2,295 check payable to appellant for the limited purpose of purchasing materials which appellant and Kidd represented to him had been set aside at Lowe's for the construction project and that Anderson specifically limited the use of the proceeds of the check made payable to appellant, writing "Material Payment" on the memo line of the check when he gave them the check.

From the record on appeal, we conclude the trial court reasonably concluded that appellant misappropriated Anderson's funds when he cashed the check, and failed to purchase the materials for which the check was given. The trial court could also reasonably conclude from the Commonwealth's evidence that appellant permitted Kidd to use approximately $800 from the check

proceeds to pay for repairs to the van and that he failed to account for more than $300 of the check proceeds.

For the reasons stated above, we affirm appellant's conviction.[4]

Affirmed.

---

[4] For the first time on appeal, appellant argues that "Anderson's decision to rescind the contract without adequate grounds did not trigger an absolute duty to return the money entrusted to" appellant and that "[a]ny debt potentially owed to Anderson by [appellant] [was] ambiguous and subject to offsetting claims." Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Consistent with Rule 5A:18, we address only arguments that were timely and specifically presented to the trial court. Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Appellant did not request that we invoke the ends of justice exception to Rule 5A:18, and "[t]his Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*).