COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Haley and Beales
Argued at Salem, Virginia


FRANK DWAIN VAUGHT

MEMORANDUM OPINION[*] BY
v.      Record No. 2090-08-3      JUDGE RANDOLPH A. BEALES
                                      NOVEMBER 10, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

(Mark Q. Anderson, on brief), for appellant.  Appellant submitting
on brief.

Josephine F. Whalen, Assistant Attorney General (William C. Mims,
Attorney General; Joanne V. Frye, Assistant Attorney General, on
brief), for appellee.


Frank Dwain Vaught (appellant) was convicted by the trial court of fraudulently altering,

falsifying, or forging a certificate of title, in violation of Code § 46.2-605.  Appellant argues on

appeal that the evidence was insufficient to find that he had the requisite intent to defraud under this

statute.  We disagree with appellant's argument and, for the following reasons, affirm the

conviction.

I.  BACKGROUND

This case involves the certificate of title for a 1988 Jeep Comanche pickup truck (the

Comanche).  Section A of the certificate of title, which was entered into evidence at trial, indicates

that James Albert Jeffries (Jeffries Sr.) was the seller of the Comanche and that appellant was the

buyer.  It is undisputed, however, that Jeffries Sr. did not sell or otherwise transfer the Comanche to

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant.  Furthermore, the parties agree that Jeffries Sr. gave the vehicle as a gift to his son, James Jeffries Jr. (Jeffries Jr.).  Jeffries Jr. accepted physical possession of the Comanche and its certificate of title from his father, but he never signed the certificate of title.

At the time of the gift from his father, Jeffries Jr. rented a bedroom in a home owned by Farouk Ijaz.  Jeffries Jr. kept the certificate of title to the Comanche in his dresser drawer.  Appellant also lived in the home, working for Ijaz in various capacities.

On September 16, 2007, Jeffries Jr. drove the Comanche to a court date.  Prior to departing, he apparently affixed to the Comanche license plates actually belonging to Ijaz's Mercedes automobile.  When Ijaz discovered this, he called the police.  Ijaz then took the Comanche's certificate of title from Jeffries Jr.'s dresser drawer.  Before the police arrived, appellant signed the certificate of title at Ijaz's request, thereby indicating that appellant was the buyer or, at least, the owner of the Comanche.

Appellant told a special agent from the Department of Motor Vehicles, who later investigated the matter, that he believed Jeffries Jr. had given the Comanche to Ijaz for nonpayment of rent.  Appellant claimed that he signed the certificate of title at Ijaz's request, believing that Ijaz, as a habitual offender, could not sign the certificate of title.  Appellant never claimed that either Jeffries Sr. or Jeffries Jr. gave or sold him the Comanche.

At trial, appellant testified that he signed the certificate of title as the buyer of the Comanche in his capacity as Ijaz's driver and that he signed it only because he and Ijaz believed that it was illegal to hold an open title to a vehicle.  In his testimony, appellant denied Ijaz's habitual offender status was a consideration.  Appellant acknowledged that he neither received the Comanche as a gift nor purchased it.

The trial court found that appellant signed the certificate of title with the requisite intent to defraud under Code § 46.2-605, although the intent to defraud might not have been directed at

Jeffries Jr.[1]  Rather, the trial court found that appellant signed the certificate of title with the intent to make the authorities responding to Ijaz's call believe that he, rather than Ijaz, owned the vehicle – even though appellant did not actually believe that he owned the vehicle.  Thus, the trial court found appellant guilty of the charged offense.

## II.  ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Jackson, 443 U.S. at 319.

Code § 46.2-605 states:

> Any person who (i) with fraudulent intent alters any certificate of title, salvage/nonrepairable certificate, or registration card issued by the Department or by any other state, (ii) with fraudulent intent, makes a false statement on any application for a certificate of title, salvage/nonrepairable certificate, or registration card issued by the Department or any other state, (iii) forges or counterfeits any

---

[1] Appellant did not argue in the trial court, and does not argue on appeal, that the fraudulent intent required under Code § 46.2-605 must be directed toward the owner of the vehicle.

- 3 -

certificate of title, salvage/nonrepairable certificate, or registration card purporting to have been issued by the Department under the provisions of this title or by any other state under a similar law or laws or, with fraudulent intent, alters or falsifies, or forges any assignment of title, or salvage/nonrepairable certificate, (iv) holds or uses any certificate, registration card, or assignment, knowing the same to have been altered, forged, or falsified, shall be guilty of a Class 6 felony.

Appellant argues on appeal that the evidence was insufficient to prove beyond a reasonable doubt that he violated this statute because, he claims, the Commonwealth failed to establish that he acted with fraudulent intent.

A person acts with fraudulent intent when he or she acts "with an evil intent, or with the specific intent to deceive or trick." Burrell v. Commonwealth, 50 Va. App. 72, 86, 646 S.E.2d 35, 42 (2007). Although making a false statement is not proof, in itself, of intent to defraud, see Orr v. Commonwealth, 229 Va. 298, 301, 329 S.E.2d 30, 32 (1985), such intent "may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). The question of intent typically rests with the finder of fact. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

Appellant argues that he did not act with fraudulent intent when he signed the Comanche's certificate of title. Instead, appellant contends, the Commonwealth proved merely that he signed the certificate of title at Ijaz's request. Appellant claims that he believed that Ijaz had the authority to make this request, and, citing Code § 46.2-628, which governs transfers of certificates of title, appellant contends that he believed he was essentially a transferee of the Comanche at the time he signed the certificate of title indicating he was the buyer of the vehicle. Therefore, appellant argues that he signed the certificate of title without the specific intent to commit fraud that was required for a conviction under Code § 46.2-605.

However, appellant's own trial testimony contradicts his argument on appeal. On cross-examination, appellant testified accordingly:

A  I was not the buyer on that.

Q  Okay sir. In fact, the vehicle had not been given to you as a gift, isn't that correct?

A  No, it had not been given to me.

Q  In fact, that vehicle had not been transferred to you, or given to you, or sold to you in any way whatsoever, isn't that correct?

A  That's correct.

Thus, appellant acknowledged at trial that he signed the certificate of title – thereby signifying that he was the buyer or the transferee of the Comanche – without believing that he was actually the buyer *or* the transferee of the vehicle. Furthermore, although there was some testimony establishing that appellant may have believed that Ijaz acquired the Comanche for use by the two men "collectively," no evidence at trial would necessitate a finding that appellant signed the certificate of title believing he was an owner of the vehicle. There was no evidence that Ijaz gave appellant the Comanche, or that appellant believed that Ijaz had given him the Comanche. In fact, the only evidence, as noted, was in direct contradiction to such a theory – appellant did not believe that he had been given the Comanche and knew he did not own it. Therefore, the trial court's factual finding that appellant had no intent of actually owning the Comanche when he signed its certificate of title was not plainly wrong or without evidence to support it. See Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

In addition, the undisputed evidence at trial established that appellant signed the certificate of title while the authorities were en route.[2] In light of this fact, a rational factfinder may reasonably

---

[2] Appellant's wife, who was a defense witness, testified that appellant signed the certificate of title after Ijaz called the police.

infer that, at the time he signed the certificate of title, appellant intended to make the authorities responding to Ijaz's call believe that he owned the Comanche. By filling out and signing Section A of the certificate of title as the buyer of the vehicle, appellant certainly indicated that he now owned the vehicle. Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, a rational factfinder such as the trial court here could have found that appellant's actions evinced an intent to deceive or trick the investigating authorities into believing that *he* (and not Ijaz) actually owned the Comanche. As appellant intended to deceive or trick, he acted with the specific intent to defraud. See Burrell, 50 Va. App. at 86, 646 S.E.2d at 42.

Because appellant signed the certificate of title as the buyer of the Comanche, even though he did not *actually believe* that he was the buyer, the transferee, or, in any way, the new owner of the vehicle at the time he signed the certificate of title, he acted with fraudulent intent against the Commonwealth and the Virginia Department of Motor Vehicles. Therefore, because we are unable to say that no rational factfinder could conclude that the evidence at trial proved beyond a reasonable doubt that appellant violated Code § 46.2-605, we must affirm the conviction.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.